Case 4:25-cv-06177   Document 15   Filed 01/09/26 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
January 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **FRANCISCO DCOSTA,** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:25-CV-06177 |
| § | |
| **WARDEN OF THE IMMIGRATION** § | |
| **DETENTION FACILITY,** *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Before the Court is Petitioner Francisco D'Costa's Emergency Motion to Enforce Court Order, for Finding of Civil Contempt, and to Compel Immediate Facilitation of Petitioner's Return to the United States. ECF No. 9 (Motion to Enforce).[1] For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the motion. Given the urgent nature of the situation, the Court will focus on Petitioner's request that the Court compel Respondents to facilitate Petitioner's return to the United States.

I.   BACKGROUND

The factual circumstances that gave rise to the Motion to Enforce are largely undisputed and deeply regrettable. Petitioner, a native of India who has lived in the United States since 2009, was issued a Notice to Appear before an Immigration Judge (IJ) on October 10, 2025. ECF No. 1 at ¶ 10. At an October 30 hearing, proceeding *pro se*, Petitioner admitted removability and was

---

[1] Petitioner appears to have inadvertently filed this motion twice. *See* ECF Nos. 8, 9. Although the motions are identical, the Court will treat the later filing, ECF No. 9, as the relevant motion.

subsequently granted voluntary departure by the IJ. *Id*. at ¶¶ 11-12. After obtaining counsel, Petitioner filed a Motion to Reopen his immigration proceedings and a request for a stay of removal with the immigration court on December 3, alleging changed country conditions in India (of which Petitioner was previously unaware) that put Petitioner at risk of persecution on account of his conversion to Christianity. *Id*. at ¶ 14. This filing automatically converted Petitioner's voluntary departure agreement into a final removal order under 8 C.F.R. 1240.26(b)(3)(iii). The next day, the IJ denied Petitioner's request for a stay of removal without ruling on the Motion to Reopen. *Id*. at ¶ 15. Petitioner renewed his request for a stay on December 5, including additional affidavits, country conditions evidence, and immigration forms which the IJ had noted were missing from the original request. *Id*. at ¶ 16. This request and the Motion to Reopen remain pending with the IJ. Petitioner also filed a petition for review and application for stay to the Fifth Circuit Court of Appeals. *Id*. at ¶ 17. This application for stay was denied on December 10. *Id* at, ¶ 14.

In the early hours of the morning of Saturday, December 20, 2025, Petitioner filed a combined Petition for Habeas Corpus and Motion for a Temporary Restraining Order.[2] ECF No. 1. Petitioner requested that the Court stay his removal pending adjudication of his Motion to Reopen and his Fifth Circuit petition for review, contending that removal at that juncture would violate his right to due process of law by effectively mooting his pending motions. *Id*. at ¶ 26. Petitioner represented to the Court that he believed he was likely to be removed imminently. *Id*. at ¶ 20.

At 11:08 a.m. on the day the petition was filed, this Court issued an order assuming jurisdiction over the petition and temporarily staying Petitioner's removal pending the Court's

---

[2] Petitioner was then in the custody of U.S. Immigration and Customs Enforcement (ICE) in Conroe, Texas. ECF No. 1, ¶ 1.

decision on the Motion for Temporary Restraining Order. ECF No. 5 (Order). The order stated that Respondents "SHALL NOT (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner to any facility outside the boundaries of the Southern District of Texas" without first seeking and receiving leave of Court. *Id*. In order to ensure that the relevant government officials had notice of this order, a copy was served on the United States Attorney for the Southern District of Texas via email. *Id*. The Court also set a hearing on the petition for December 22 at 10:30 a.m.

The U.S. Attorney's Office received the Court's order via email at 11:23 a.m. ECF No. 7 at 1. On December 21, Respondents filed a Motion to Dismiss and Vacate the Court's Order for lack of jurisdiction. ECF No. 6. On December 22, the Court held a hearing at which both Petitioner's counsel and a representative from the U.S. Attorney's Office were present. At the hearing, the Court indicated that Petitioner had no right to seek a stay of removal from this Court pending his petition for review to the Fifth Circuit, but was likely to succeed on his claim that due process would be violated if he were removed before the immigration court has considered his statutory Motion to Reopen. *See* Minute Entry of December 22, 2025. The Court scheduled another hearing on the merits of the petition for January 13, 2026, and extended the stay of removal until that date. *Id*.

On December 29, Respondents submitted an Advisory informing the Court that Petitioner had been removed to India on a flight that departed at 2:55 p.m. on December 20, 2025—more than three hours after the Court order prohibiting the Government from removing him. ECF No. 7. The Advisory was accompanied by a memorandum from Justin Vedder, Acting Assistant Field Office Director Enforcement and Removal Operations for ICE. In relevant part, Mr. Vedder's memo states as follows:

> -Saturday 12/20/2025- 1000 hours- GEO Transportation departed JCPC [Joe Corely Processing Center], heading for Bush Intercontinental Airport (IAH), with Mr. Dcosta, for his scheduled removal flight.
>
> -Saturday 12/20/2025- 1115 hours- GEO Transportation arrived at IAH and turned over Mr. Dcosta to ERO [Enforcement and Removal Operations] Deportation Officers, for escort to his departure gate.
>
> -Saturday 12/20/2025 – 1124 hours – Based on information relayed by OPLA Houston, OPLA Houston received notice of Order for Temporary Stay from U.S. Attorneys Office of the Southern District.
>
> -Saturday 12/20/2025- 1146 hours- Email sent from ICE OPLA with an Order for Temporary Stay (4:25-CV06177), for Mr. Dcosta (not known at the time of removal) to local JCPC ERO facility management.
>
> -Saturday 12/20/2025- 1455 hours (2:55pm)- Mr. Dcosta departed on Turkish Airlines flight TK134 from IAH, without incident."

ECF No. 7, Ex. 1. Counsel for Respondent represented that he was only made aware of the fact of Petitioner's removal on December 29—nine days after the removal occurred. ECF No. 7 at 1.

On December 31, Petitioner filed the instant Motion to Enforce. ECF No. 9. Petitioner requests that the Court order Respondents to "immediately facilitate/effectuate" Petitioner's return to the United States, find Respondents in contempt and impose monetary sanctions, and order expedited discovery from Respondents regarding the precise timeline of removal. *Id*. at 8. The Court held a hearing on the motion on January 5, 2026. *See* Minute Entry of January 5, 2026.

## II.   LEGAL STANDARD

"Courts, including district courts, regularly find that return is the appropriate remedy when a removal is found to be unlawful." *D.V.D. v. U.S. Dep't of Homeland Sec.*, 784 F. Supp. 3d 401, 406 (D. Mass. 2025) (collecting cases); *see also J.G.G. v. Trump*, No. CV 25-766 (JEB), 2025 WL 3706685, at *20 (D.D.C. Dec. 22, 2025) (requiring the Government "to articulate what steps it proposes to facilitate the return of Plaintiffs" after they were unlawfully removed); *Melgar-*

*Salmeron v. Bondi*, No. 23-7792, Dkt. 49 (2d Cir. 2025) (June 24, 2025) (ordering the Government "to facilitate the return of Petitioner to the United States as soon as possible").

In *Noem v. Abrego Garcia*, 145 S. Ct. 1017 (2025), the Supreme Court unanimously agreed that facilitating an individual's return to the United States is a proper remedy for illegal removal. In that case, the petitioner was removed to El Salvador and detained in that country's Center for Terrorism Confinement (CECOT) despite the fact that an Immigration Judge had previously granted him withholding of removal to El Salvador. *Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025). The Government did not deny the illegal nature of Abrego Garcia's removal, but claimed that "was the result of an 'administrative error'" and contended that he had been found to be a member of the MS-13 gang. *Id*. In a unanimous opinion, the Supreme Court held that the district court "properly require[d] the Government to 'facilitate' [petitioner's] release from custody in El Salvador and to ensure that his case is handled as it would have been had he not been improperly sent to El Salvador." *Id*.

### III. ANALYSIS

Respondents do not appear to contest that Petitioner's removal violated this Court's order staying removal and was thus unlawful. Rather, Respondents argue that Petitioner's request that the Government facilitate his return to the United States should be denied because (1) the unlawful removal was inadvertent, (2) Petitioner was not deprived of due process, and (3) return would be futile because the Court lacks jurisdiction over the underlying habeas petition. *See* ECF Nos. 10, 14. The Court will address each of these arguments in turn.

### A. Illegality of Petitioner's Removal

Although this Court has no reason to doubt the Government's contention that Petitioner's removal was inadvertent, the Court is nonetheless disturbed by the apparent communication

failures that allowed Petitioner to be removed in violation of a Court order entered almost four hours earlier and of which the relevant government agencies had notice. *See* ECF No. 7, Ex. 1 (showing that the U.S. Attorney's Office, ICE, and the Joe Corely Detention Center had notice of the Court's order by 11:46 a.m. on December 20). "Judicial orders are not suggestions; they are binding commands that the Executive Branch, no less than any other party, must obey." *J.G.G. v. Trump*, No. 25-5124, 2025 WL 3198891, at *2 (D.C. Cir. Nov. 14, 2025). Respondents failed to do so here. More to the point, the intent behind Petitioner's unlawful removal—while relevant to Petitioner's request for a finding of contempt—has no bearing on the lawfulness of the removal, the impact of the removal on Petitioner's due process rights, or the "form of relief necessary to satisfy the requirement of justice." *J.G.G. v. Trump*, 2025 WL 3706685, at *19.

      Respondents attempt to differentiate this case from *Abrego Garcia* based on the fact that in that case, "the Government conceded. . . that the alien was removed in violation of immigration court orders," whereas here, Petitioner was "subject to a valid final removal order." ECF No. 13 at 4. But the Court understands *Abrego Garcia* differently. It was the conceded illegality of the removal in that case—not the precise reason why the removal was illegal—that rendered facilitation of the petitioner's return necessary to "ensure that [petitioner's] case [wa]s handled as it would have been had he not been improperly [removed]." *Id.*

      Respondents' attempt to differentiate the instant case from the Second Circuit's order requiring the Government to facilitate return of an unlawfully removed alien in *Melgar-Salmeron v. Bondi*, No. 23-7792 (2d Cir. 2025), is even less successful. Respondents characterize the facts in that case as "markedly different" than those before the Court because in *Melgar-Salmeron*, the petitioner was removed not only in violation of a federal order staying removal, but also despite the Government's assurance to the Court that it would forebear removal until the next day. June

6 / 11

24, 2025, Order in *Melgar-Salmeron*, Dkt. 49. But the Second Circuit concluded that the petitioner's removal, though "inadvertent," "was also improper because it violated this Court's order staying Petitioner's removal from the United States during the pendency of this matter before this Court." *Id*. Here, Respondents concede that they had notice of this Court's order and that the order was provided to ICE's local Enforcement and Removal Operations division several hours prior to Petitioner's removal. The Court is not persuaded that the lack of an overt assurance from the Government prior to Petitioner's removal in this case merits a different outcome.

Here, Respondents concede that Petitioner was removed from the United States despite an order from this Court clearly prohibiting the Government from removing him. That fact alone is sufficient to render Petitioner's removal unlawful and persuade this Court "that return is the appropriate remedy." *D.V.D. v. U.S. Dep't of Homeland Sec.*, 784 F. Supp. 3d at 406; *see also Noem v. Abrego Garcia*, 145 S. Ct. at 1019 (Sotomayor, J., concurring) ("I agree with the Court's order that the proper remedy is to provide Abrego Garcia with all the process to which he would have been entitled had he not been unlawfully removed.").

### B. Respondents' Other Arguments

Respondents additionally argue that facilitation of return is unnecessary because Petitioner's habeas petition fails on the merits. Specifically, Respondents argue the Petitioner was provided due process and that 8 U.S.C. § 1252(g) strips this Court of jurisdiction over the underlying habeas petition. *See* ECF Nos. 10; 14. While the Court is of the opinion that Respondents' violation of this Court's order is sufficient to render Petitioner's removal unlawful, it will briefly address these arguments.

First, Respondents fail to address the due process concerns that formed the basis for the Court's original order staying removal.[3] As the Court has made clear on multiple occasions, the basis for that order was the risk that imminent removal would effectively deprive Petitioner of his statutory right to file a motion to reopen his immigration proceedings under 8 U.S.C. § 1229a(c)(7)(C)(ii). Second, the Court is of the opinion that it has subject matter jurisdiction over Petitioner's claim that removal at this junction would deprive him of due process with regard to his statutory right to file a motion to reopen. *See* ECF No. 5.

"A motion to reopen is a form of procedural relief that asks the Board [of Immigration Appeals] to change its decision in light of newly discovered evidence or a change in circumstances since the hearing." *Dada v. Mukasey*, 554 U.S. 1, 12 (2008) (internal citations omitted). In *Dada*, the Supreme Court held that an alien "must be permitted to withdraw. . . a voluntary departure request before expiration of the departure period [and file a motion to reopen], without regard to the underlying merits of the motion to reopen" in order "to safeguard the right to pursue a motion to reopen for voluntary departure recipients." *Id*. at 21. This appears to be exactly what Petitioner did in this case.

The Court agrees with other district courts which have concluded that the removal of an alien who has filed a motion to reopen, particularly to the very country where their motion to reopen alleges they are at risk of persecution, violates due process. *See, e.g., Devitri v. Cronen*, 290 F. Supp. 3d 86, 92 (D. Mass. 2017) (noting that "if [8 U.S.C.] section 1252(g) effectively

---

[3] Respondents also point out that Petitioner can pursue his pending Fifth Circuit Petition for Review from abroad. *See* ECF No. 10 at 2. But Petitioner's pending Petition for Review was not the basis of this Court's order staying removal. *See* Minute Entry for December 22, 2025 ("The Court clarified that the basis of its temporary order to stay removal (ECF No. 5) was Petitioners statutory right to file a Motion to Reopen his immigration proceedings, not Petitioners pending Fifth Circuit petition for review."). The Court agrees that Petitioner has no right to seek a stay of removal from this Court pending the Fifth Circuit's review of his removal order.

8 / 11

ensures that this group of Indonesian Christians cannot effectively file their claims of possible persecution and torture before being removed to the country where they are at risk, it would be an unconstitutional deprivation of the statutory right to move to reopen without due process of law because there would be no meaningful opportunity to be heard on the motion to reopen"); *Sied v. Nielsen*, No. 17-CV-06785-LB, 2018 WL 1142202, at *26 (N.D. Cal. Mar. 2, 2018) (finding that petitioner was likely to succeed on a similar due process claim because "[p]reventing aliens from receiving decisions on their motions to reopen would eliminate all possibility of redress if their circumstances changed") (internal quotations omitted); *id*. ("It [is] absurd to conclude that Congress intended to allow motions to reopen to be filed but not heard."). These courts likewise held that section 1252(g) did not strip them of jurisdiction where a petitioner "seeks only a 'day in court' on his motion to reopen." *Sied*, 2018 WL 1142202, at *13; *see also Chhoeun v. Marin*, 306 F. Supp. 3d 1147, 1158 (C.D. Cal. 2018) ("[D]istrict courts have jurisdiction when, as in this case, petitioners do not directly challenge their orders of removal, but rather assert a due process right to challenge the orders in the appropriate court."); *Gbotoe v. Jennings*, 2017 WL 6039713, at *4 (N.D. Cal. Dec. 6, 2017) (finding that the court had jurisdiction over petitioner's request for a stay of removal pending a decision on his motion to reopen). Respondents have not addressed the reasoning of these cases, and have not persuaded the Court that its initial determination was incorrect.

IV.     **REMEDY**

The Court initially concluded that a temporary stay of removal was necessary in this case to "ensure[] that the statutory right to file [a motion to reopen] is meaningful." *Alam v. Nielsen*, 312 F. Supp. 3d 574, 583 (S.D. Tex. 2018) (Ellison, J.). Now, Petitioner has been removed to the

9 / 11

very country to which he alleges he is at risk without a meaningful opportunity to be heard on his Motion to Reopen and in violation of this Court's order. For all of these reasons, the Court concludes that prompt action is needed in order to remedy Petitioner's unlawful removal.

Respondents contend that if any remedy is required, it is sufficient to allow Petitioner to attend any subsequent hearings on his Motion to Reopen remotely from India. ECF No. 13 at 6. Petitioner disagrees, arguing that a remote hearing from India fails to provide Petitioner with the meaningful opportunity to be heard required by due process for a number of reasons. ECF No. 14 at 7. Petitioner requests that the Court order Respondents to "immediately facilitate/effectuate [Petitioner's] return" within seventy-two hours. ECF No. 9 at 8.

Under the circumstances, the Court concludes that return to the United States is the only remedy that can ensure that Petitioner's case "is handled as it would have been had he not been improperly [removed]." *Noem v. Abrego Garcia*, 145 S. Ct. at 1018. Most notably, a remote proceeding would require Petitioner to "attempt[] to litigate [his] motion[] from the very countr[y] where [his] li[fe] and freedom are [allegedly] in jeopardy," *Alam*, 312 F. Supp. 3d at 583, thus placing Petitioner in exactly the situation that this Court's original stay of removal sought to avoid.

Given the deference due to the Executive Branch on issues of foreign affairs, however, the court also declines Petitioner's request that the Court order Respondents to effectuate return within seventy-two hours. Instead, the Court will allow the Government five days to propose the steps it plans to take to facilitate Petitioner's return to the United States. As noted by other courts faced with similar situations, "the fact that [Petitioner] [is] 'not held by any foreign government' should make facilitating [his] return easier. *J.G.G. v. Trump*, 2025 WL 3706685, at *20 (quoting *D.V.D. v. U.S. Dep't of Homeland Sec.*, 784 F. Supp. 3d 401, 412 n.10 (D. Mass. 2025)).

The Court therefore **ORDERS** as follows.

1. The Government is **ORDERED** to facilitate the return of Petitioner to the United States as soon as possible.

2. The Government is **ORDERED** to file an advisory to the Court within **FIVE DAYS** articulating what steps the Government will take, and when, to facilitate Petitioner's return. Since counsel for Petitioner has been in contact with Petitioner, the Court recommends that the parties consult with one another regarding the facilitation of return.

3. At this time, the Court **DENIES WITHOUT PREJUDICE** Petitioner's request for a finding of contempt and for discovery. Petitioner is free to reassert these claims in separate filings if he determines that they remain necessary.

**IT IS SO ORDERED.**

Signed at Houston, Texas on January 9, 2026.

                                                Keith P. Ellison